**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

JUN 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUANA ALVAREZ-SALAZAR, | No. 10-70143 |
| Petitioner, | Agency No. A070-787-109 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Juana Alvarez-Salazar, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Alvarez-Salazar failed to establish that she was or would be persecuted on account of any protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, in the absence of nexus to a protected ground, Alvarez-Salazar's asylum and withholding of removal claims fail. Because Alvarez-Salazar failed to establish past persecution on account of a protected ground, her claim for humanitarian asylum necessarily fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Finally, substantial evidence supports the agency's finding that Alvarez-Salazar failed to establish it is more likely than not she would be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008). Accordingly, Alvarez-Salazar's CAT claim fails.

**PETITION FOR REVIEW DENIED.**